**EAST JEFFERSON COALITION FOR LEADERSHIP AND DEVELOPMENT, et al.**

v.

**The PARISH OF JEFFERSON, et al.**

**Civ. A. No. 86–3668.**

United States District Court, E.D. Louisiana.

March 5, 1989.

Ronald Wilson, Alice Jacobs, New Orleans, La., J. Anthony Moscona, Metairie, La., Terry Allbritton, New Orleans, La., for plaintiffs.

Harry A. Rosenberg, New Orleans, La., for defendants.

Anthony S. Taormina, Metairie, La., pro se.

## ORDER AND REASONS

BEER, District Judge.

Consistent with the notice contained in this court's Proposed Order of January 19, 1989, 703 F.Supp. 28, a hearing took place on March 2, 1989 at which time the parties to these proceedings as well as other interested parties were accorded on opportunity to show cause why the defendant's plan, as modified, (hereinafter the "Plan") should not be adopted.

Plaintiffs' counsel supported the Court's proposed elimination of the floterial East-bank and West-bank districts as had been proposed by the defendant; but reasserted their position that a distinctive black majority district was necessary to remedy the contended Section 2 violation in the current Parish Council configuration. Jefferson Parish Council continued to maintain its position that the present configuration of the Council fully comports with Constitutional and statutory requirements; however, defendant, through counsel, observed that if the Court's basic determination regarding a need for revision *is* affirmed, then the Council does see fit to accept the plan as modified by the Court. I believe

this to be an important step and welcome that evidence of cooperation.

The input from counsel of record for the parties as well as that of those citizens who spoke at the hearing was helpful and enlightening. The views of the people who took the time and made the effort to appear on their own behalf and/or on behalf of those they represented are very much appreciated and, as will be noted, play a part in the drafting of this minute entry.

■ Indeed, the valid neighborhood-oriented concerns voiced by interested citizens of Jefferson Parish are the basis for concern by this court, particularly those which define and seek solutions to local or neighborhood drainage problems. However, it must be noted that this Court does not have (or seek) the power to promulgate specific and individualistic applications regarding exact boundary lines.

■ Prevailing legal precedent clearly signals us that deference is due the proposal which is put forward by the political entity elected by the people to deal with such local issues. If that entity's proposal can be adopted without violence to the Constitution it has great legal significance—perhaps because it *is* better equipped to deal with such local concerns as, for example, drainage.

■ The Plan divides Jefferson Parish into six districts and provides for a council comprised of seven members. Six of the members will be elected from each of the single member districts and one member, presumptively the chairperson, will be elected parishwide. The Plan eliminates defendant's two proposed "quasi-at-large" positions under which the "East-bank" councilperson would have been elected from new districts 4, 5, & 6 and the "West-bank" councilperson would have been elected from new districts 1, 2, & 3.[1]

■ Though I do not have the power to alter proposed district boundaries to encompass the concerns peculiar to individual neighborhoods voiced at the hearing, it is,

---

1. The current council is also comprised of seven members. However, it is a triple-tiered form of government in which citizens elect four councilmen each from a single district, two members at-large (each representing one bank of the river), and a chairman elected parishwide.

nevertheless, certainly possible, (and, perhaps, highly desirable) for the Jefferson Parish Council on its own volition and before the next Council election in 1991 to recognize the special concerns of the River Ridge and Lincoln Manor neighborhoods that were aired at the hearing on March 2. In other words, it is not the Court's intention, by going forward and putting the Plan in place with six single member districts and one at-large parishwide district, to inhibit the Council's orderly resolution of what now appears to be a problem of first impression raised as a result of the hearing. Specifically, the possible inclusion of certain precincts and the possible exception of others in new District 3—as long as the boundaries remain essentially intact—is not unacceptable to this court provided that those moderate changes emanate from the entity which is in a favored position by operation of law, i.e., the Jefferson Parish Council. This is especially the case if, as a result of the changes, the percentage of black voters is increased in new District 3.

The new district configuration must become effective in time to fully permit district Council candidates from the new districts to qualify for the 1991 elections. Qualification for candidacy will, in all respects, be for the new districts created by the Plan. In other words, there will be no disruption of current councilmanic positions until the next council elections, in 1991. At that time the boundaries, redrawn by the Council and adopted by this court, will be fully effective and will determine the councilmanic positions in that and future elections.

■ I realize that the decennial census of 1990 could have some effect on the district lines. The Plan is, in all necessary respects, subordinated to the 1990 census and the district lines should be adjusted accordingly (as would the district lines of the present council districts if they had remained in effect).

Furthermore, adoption of the Plan changes only the district boundaries. The court does not alter the deadlines for candidate filing times or any other deadline or rule for qualification of candidates. I do not intend that this order shall affect any other aspect of the orderly operation of this Parish Council or the dates and methods of election except as herein specifically provided for.

The modified plan is adopted subject to the foregoing conditions. Judgment accordingly.